# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DUSTIN BUXTON | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-14-2836 |
| | * | |
| SANDRA KURTINITIS, ET AL. | * | |
| | ****** | |

## **MEMORANDUM**

Dustin Buxton has brought this action against Adrienne Dougherty, the Program Director and Coordinator of Radiation Therapy at the Community College of Baltimore County ("CCBC"). Buxton asserts two claims, one for violation of the Establishment Clause of the First Amendment and the other for denial of equal protection.[1] Defendant has moved for summary judgment. The motion will be granted.

### A.

Buxton applied for admission in 2013 to the Radiation Therapy Program ("RTP") at CCBC. He again applied to the Program in 2014. The RTP is a very competitive program, and Dougherty limits the number of persons who can be accepted to the Program by the number of positions that she believes will be available to people who complete the Program. Buxton was ranked 36 out of 44 candidates in 2013. In 2014 he was not interviewed.

Admission to the Program is governed by three admissions scores: (1) GPA – 30%; (2) interview and observation day – 40%; and (3) writing sample and critical thinking exam – 30%.

---

[1] Buxton originally asserted a claim for violation of the Free Speech Clause of the First Amendment. By an order dated June 25, 2015, Judge Hollander – to whom the case was then assigned – dismissed that claim. Judge Hollander also dismissed claims against four other defendants.

1

Four courses are considered in the GPA: BIOL09; Math135; Phys101; and RTTT101. In 2013, based upon his grades in those classes, Buxton received 18 out of 30 points in the GPA category. Feedback from the Greater Baltimore Medical Center resulted in a score of 7.2 points from his "observation day." Buxton placed seventh on the logic exam. Buxton testified on deposition that at the end of his interview he "pretty much knew I wasn't getting into the Program."

Dougherty recommended that if he was interested in reapplying to the RTP, Buxton (1) complete a full week of observation in a new facility; (2) improve his grades in the pre-requisite courses, and (3) seek assistance from CCBC employee Linda Brothers to improve his interpersonal skills. Buxton did not complete any additional observation days or seek assistance from Ms. Brothers. He did, however, take the pre-requisite courses again and substantially improved his scores.

In 2014 Buxton was one of 72 applicants for the RTP. Dougherty decided that only 36, or half of the number of candidates, would be interviewed. The interviewees for the 2014 round were ranked first by their observation day score and then by GPA. This approach was caused by the fact that CCBC was seeking candidates with the interpersonal skills necessary to interact with patients. Dougherty subscribed a score of zero for the observation day to 10 candidates, including Buxton.[2] Based on his ranking, Buxton did not receive an interview for the 2014 RTP.

Buxton alleges that the only mention that he made of his faith and religion during his 2013 observation day was an answer "My faith" in response to question "What do you base your morals on?" Nevertheless, in a "feedback statement" that she prepared (and that was shared with Buxton) Dougherty wrote that he "brought up religion a great deal during the interview. Yes, this is a field that involves death and dying; but religion cannot be brought up in the clinic by

---

[2] Dougherty testified on deposition that even if Buxton had been given a 7.2 score – the score he earned in 2013 – for his observation day score, he still would not have been interviewed in 2014.

therapists or students." Dougherty apparently made the assumption that if an applicant brought up his or her religion during an interview, he or she may also bring it up in communications with a patient.[3]

B.

This is not the stuff of an Establishment Clause or Equal Protection claim. The appropriate test is provided by *Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971). That test has been aptly summarized by the Fourth Circuit in *Moss v. Spartanburg County Sch. Distr. Seven*, 683 F.3d 599, 608 (4th Cir. 2012). "To pass muster under the Establishment Clause, government conduct (1) must be driven in part by a *secular* purpose; (2) must have a primary effect that neither advances nor inhibits religion; and (3) must not *excessively entangle* church and State." Here, Dougherty had a secular purpose in making her assessment of Buxton: not to have religious beliefs expressed to patients, who did not raise the issue. Likewise, her actions did not have the primary effect of advancing or inhibiting religion and of excessively entangling church and state. This is particularly true in light of the fact that Dougherty had no difficulty in having someone discuss religion with a patient if the patient raised the topic of religion.

Further, the record establishes that Buxton was one of four candidates who made faith-based statements during the RTP admissions process, and two of those candidates were graded favorably by Dougherty and selected for the RTP. Thus, at a general level, it cannot be reasonably inferred that CCBC's RTP admissions process disfavored candidates for mentioning religion during the admissions process. Moreover, at the level of specifics, Buxton has failed to establish that vis-à-vis any other candidates, he was treated unfavorably. The record is entirely silent as to the merits of the applications of other applicants who applied in 2013 or 2014.

---

[3] Buxton apparently is a Christian who practices his religion by going to church two days a year – on Easter and Christmas.

3

For these reasons, Dougherty is entitled to the summary judgment that she requests. A separate order granting her motion is being entered herewith.

Date: June 27, 2016

J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2016 JUN 28 PM 12: 00
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY